Thomas A. McAvity #35197
Hyslip & Taylor, LLC, LPA
14900 Interurban Ave. So.
Suite 271, PMB 43
Seattle, WA  98168
Telephone: 206-674-4559
Fax: 866-241-4176
Email: thomas@nwdrlf.com

Attorney for Plaintiffs, Stephanie Gee & Andrew Gee

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

| | |
|---|---|
| Stephanie Gee and Andrew Gee<br><br>    Plaintiffs,<br><br>v.<br><br>Focus Receivables Management, LLC<br><br>    Defendant. | Case No. 15-CV-05782 RBL<br><br>**Plaintiffs' First Amended Complaint** |

# PARTIES

1. Plaintiff, Stephanie Gee ("Stephanie"), is a natural person who resided in Puyallup, Washington, at all times relevant to this action.

2. Plaintiff, Andrew Gee ("Andrew") is a natural person who resided in Puyallup, Washington, at all times relevant to this action.

3. Defendant, Focus Receivables Management, LLC ("FRM"), is a Georgia Limited Liability Company that maintained its principal place of business in Marietta, Georgia, at all times relevant to this action.
First Amended Complaint    1

Thomas A. McAvity
14900 Interurban Ave. So.
Suite 271, PMB 43
Seattle, WA  98168
Phone: 206-674-4559

**JURISDICTION AND VENUE**

4. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

**STATEMENT OF FACTS**

6. At all times relevant to this action Andrew was the subscriber to the cell phone number (253) 398-5198.

7. At all times relevant to this action Stephanie was the primary user of the cell phone number (253) 398-5198.

8. Before FRM began contacting Stephanie, it and Stephanie had no prior business relationship and Stephanie had never provided express consent to FRM to be contacted on her cellular telephone.

9. FRM regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

10. The principal source of FRM's revenue is debt collection.

11. FRM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. As described, *infra*, FRM contacted Stephanie to collect a debt that was incurred primarily for personal, family, or household purposes.

13. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. Stephanie is a "consumer" as defined by 15 U.S.C. § 1692a(3).

First Amended Complaint            2

Thomas A. McAvity
14900 Interurban Ave. So.
Suite 271, PMB 43
Seattle, WA  98168
Phone: 206-674-4559

15. Within the past twelve months, FRM has been calling Stephanie on her cellular phone ((253) 398-5198) in an attempt to collect a debt for another individual.

16. Shortly after the calls began, Stephanie communicated her desire that FRM cease calling her.

17. Despite this communication, FRM continued to call Stephanie on her cellular phone.

18. Thereafter, Stephanie repeatedly communicated her desire that FRM cease calling her; however, FRM continued to call Stephanie.

19. FRM's policies and procedures for processing account data received from original creditors fail to identify easily discoverable errors and avoid the needless harassment of undeserving consumers like Stephanie.

20. FRM unreasonably relied upon inaccurate information provided to FRM by one (1) or more original creditors for whom FRM was attempting to collect a debt when FRM called Stephanie's cellular telephone.

21. FRM's policies and procedures violate the FDCPA.

22. FRM caused Stephanie emotional distress.

COUNT ONE - *Stephanie Gee*

**Violation of the Fair Debt Collection Practices Act**

23. Stephanie re-alleges and incorporates by reference Paragraphs 6 through 22 above as if fully set forth herein.

24. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Stephanie in connection with the collection of the debt.

First Amended Complaint    3

Thomas A. McAvity
14900 Interurban Ave. So.
Suite 271, PMB 43
Seattle, WA 98168
Phone: 206-674-4559

<u>COUNT TWO – Stephanie Gee</u>

**Violation of the Fair Debt Collection Practices Act**

25. Stephanie re-alleges and incorporates by reference Paragraphs 6 through 22 above as if fully set forth herein.

26. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

<u>COUNT THREE – Stephanie Gee and Andrew Gee</u>

**Violation of the Telephone Consumer Protection Act**

27. Plaintiffs re-allege and incorporate by reference Paragraphs 6 through 22 above as if fully set forth herein.

28. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

29. The TCPA provides, in part:

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> * * *
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio

First Amended Complaint    4

Thomas A. McAvity
14900 Interurban Ave. So.
Suite 271, PMB 43
Seattle, WA  98168
Phone: 206-674-4559

>common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

30. Defendant used a predictive dialer system to call Plaintiffs on their cellular phone.

31. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

32. A predictive dialer system is an automated telephone dialing system ("ATDS") within the meaning of the TCPA. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

33. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-41, ¶¶ 72-73.

First Amended Complaint   5

Thomas A. McAvity
14900 Interurban Ave. So.
Suite 271, PMB 43
Seattle, WA  98168
Phone: 206-674-4559

34. Plaintiff, Stephanie Gee was the "called party" in each telephone call Defendant placed to Stephanie's cellular telephone.

35. Plaintiff, Andrew Gee was the "called party" in each telephone call Defendant placed to Stephanie's cellular telephone.

36. Any consent that may have been previously given as to a called telephone number lapses when that number is reassigned.  *Sterling v. Mercantile Adjustment Bureau, LLC*, 2013 U.S. Dist. LEXIS 186432, *6-7 (W.D.N.Y. Nov. 22, 2013).

37. A caller that places calls to a reassigned telephone number without the express consent of the called party is deemed to have "constructive knowledge" of the reassignment after one phone call has been placed to that reassigned number.  *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 40, ¶ 72.

38. Defendant violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to make calls to the cellular telephone number for which Stephanie and Andrew were the "called parties" with either person's prior express consent or after such consent had been revoked.

39. In addition, The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

40. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

First Amended Complaint    6

Thomas A. McAvity
14900 Interurban Ave. So.
Suite 271, PMB 43
Seattle, WA  98168
Phone: 206-674-4559

41. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc*. 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

42. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; see also *Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

43. Defendant voluntarily placed telephone calls to the cellular telephone number for which Stephanie and Andrew were the "called parties" using an ATDS and/or an artificial or prerecorded voice.

44. In addition, a company that places telephone calls using an ATDS and/or an artificial or prerecorded voice bears a responsibility to place intermittent live verification calls to ensure the subscriber being called has provided his or her express consent to be called. *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 1316, 1322 (S.D. Fla 2012).

45. Defendant failed to adequately place intermittent live verification calls cellular telephone number for which Stephanie and Andrew were the "called parties" to ensure that Stephanie and Andrew had provided his/her express consent to Defendant to call those telephone numbers.

46. Defendant's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

First Amended Complaint 7

Thomas A. McAvity
14900 Interurban Ave. So.
Suite 271, PMB 43
Seattle, WA  98168
Phone: 206-674-4559

## JURY DEMAND

47. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

48. Plaintiffs pray for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   b. An order enjoining Defendant from placing further telephone calls to Plaintiffs' cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Thomas A. McAvity

Date: January 25, 2016

*Of Counsel*
Thomas A. McAvity #35197
Hyslip & Taylor, LLC, LPA
14900 Interurban Ave. So.
Suite 271, PMB 43
Seattle, WA  98168
Telephone: 206-674-4559
Fax: 866-241-4176
Email: thomas@nwdrlf.com

# CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2016, I filed the foregoing First Amended Complaint through the Court's electronic filing system and thereby served counsel of record as follows:

Damien P. Richard, Esq.
Sessions, Fishman, Nathan & Israel, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA 92108-3426
drichards@sessions-law.biz
Attorney for Defendant

By: /s/ Thomas A. McAvity
Thomas A. McAvity
Attorney for Plaintiffs

First Amended Complaint      9

Thomas A. McAvity
14900 Interurban Ave. So.
Suite 271, PMB 43
Seattle, WA  98168
Phone: 206-674-4559